# DECLARATION IN SUPPORT OF
# APPLICATION FOR RESTRAINING ORDER

I, Anthony Valera, do hereby depose and state the following:

1. Probable cause exists to believe that the current balances of Fidelity Investments Personal Retirement Account Z03-960516 and Fidelity Investments Traditional IRA 238-905245 (the "Cataldi Fidelity Accounts"); Fidelity Investments Individual Account Z03-961076 and Fidelity Investments Traditional IRA Account 244-387964 (the "Cataldi-Associated Fidelity Accounts") and Charles Schwab Brokerage Account 6689-7503 (the "Cataldi-Associated Schwab Brokerage Account"); (collectively, the "Subject Accounts"), constitute or are derived from proceeds obtained, directly or indirectly, from the commission of federal criminal offenses, including Title 18, United States Code, Section 1347 (Health Care Fraud), which constitutes a "Federal health care offense" under Title 18, United States Code, Section 24(a)(1). Probable cause therefore exists to believe that the current balances of the Subject Accounts are subject to forfeiture, pursuant to Title 18, United States Code, Section 982(a)(7), and is subject to pre-trial restraint, pursuant to Title 18, United States Code, Section 982(b)(′), incorporating Title 21, United States Code, Section 853(e). Probable cause for the requested restraining order is derived from documentary evidence, witness interviews, and personal observations.

2. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the requested restraining order, I have not included every fact known to me concerning this investigation, but only those relevant to establishing probable cause for this restraint.

3. I have been employed as a Special Agent with the Federal Bureau of Investigation (FBI) since 2014 and am presently assigned to the Indianapolis, Indiana office (Merrillville Resident Agency), where I investigate various types of white-collar crimes. I have investigated crimes against the United States to include bank robbery, counterterrorism matters, wire fraud, mail fraud, public corruption, and health care fraud. I am currently assigned, in conjunction with HHS-OIG Special Agent Emily Batteiger, to investigate the matters described below. Prior to joining FBI,

1

I worked as a police officer for the City of Hammond, Indiana, for approximately 7 years.

4. On November 20, 2024, a federal grand jury returned an Indictment in case number 2:24-CR-105, charging Bethany A. Cataldi with 8 criminal counts and 1 criminal forfeiture allegation. In particular, count 1 charged Cataldi with violating Title 18, United States Code, Section 1347 (Health Care Fraud), while counts 6 through 8 charged Cataldi with violating Title 18, United States Code, Section 1957(a) (Money Laundering). Pursuant to the forfeiture allegation, the government seeks to forfeit the defendants' interest in all property constituting or derived from proceeds obtained, directly or indirectly, from the commission of these and other offenses, pursuant to Title 18, United States Code, Sections 982(a)(7) and/or 982(a)(2)(A).

5. As alleged in the indictment, Cataldi engaged in a years-long scheme to defraud Medicare by submitting at least 1,773 fraudulent claims related to balloon sinuplasty procedures that she did not perform. During the period alleged in the indictment, those fraudulent claims sought approximately $16.5 million in reimbursements, of which Medicare paid approximately $9 million. As alleged in the indictment, these funds were deposited into an account at People's Bank ending in x4162, which was controlled by Cataldi. These funds represent the proceeds of the health care fraud scheme charged in count 1.

6. During the investigation that led to the Indictment in case number 2:24-CR-105, investigators obtained extensive financial records via grand jury subpoenas. Based on the analysis of the returns from those subpoenas, there is probable cause to believe that the Subject Accounts in the following manner:

   A. On or about February 11, 2020, a $1,000,000 check from the x4162 Account was deposited into to an account at People's Bank ending in x5347 (the "x5347 Account"), which was controlled by Cataldi. Shortly thereafter, a $1,000,000 transfer was made from the x5347 account into the cash management account linked to the Cataldi Fidelity Accounts.

    B. On or about April 10, 2020, a $400,000 check from the x4162 Account was deposited directly into the cash management account linked to the Cataldi Fidelity Accounts

    C. On or about March 6, 2020, a $450,000 check from the x4162 Account was deposited into an account at Bank of America ending in x0699 (the "x0699 Account"), which was controlled by a close associate of Cataldi. On or about March 10, 2020, a $400,000 transfer was made from the x0699 Account to the cash management account linked to the Cataldi-Associated Fidelity Accounts.

    D. On or about April 10, 2020, Cataldi transferred $600,000 from the x4162 Account directly to the cash management account linked to the Cataldi-Associated Fidelity Accounts.

    E. On or about January 4, 2021, Cataldi transferred $700,000 from the x4162 Account directly to the cash management account linked to the Cataldi-Associated Fidelity Accounts.

    F. On or about January 13, 2020, a $125,000 transfer was made from the x4162 Account into the x0699 Account. On or about January 24, 2020, a $100,000 check from the x0699 Account was deposited into the Cataldi-Associated Schwab Brokerage Account.

    G. On or about February 12, 2020, a $400,000 transfer was made from the x4162 Account into the x0699 Account. On or about February 19, 2020, a $100,000 check from the x0699 Account was deposited into the Cataldi-Associated Schwab Brokerage Account.

7. Based on the information described above, there is probable cause to believe that the remaining balances in each of the Subject Accounts is property that constitutes or is derived from, directly or indirectly, gross proceeds traceable to the commission of a violation of Title 18, United States Code, Section 1347 (Health Care Fraud), and that this money is subject to pre-trial restraint, pursuant to Title 18, United States Code, Sections 982(a)(7) and 982(b)(1), incorporating Title 21, United States Code, Section 853(e).

8. I declare under penalty of perjury that the foregoing is and correct. Executed on November 22, 2024.

*[signature]* 11/22/2024
Anthony Valera
Special Agent
Federal Bureau of Investigation

4